Citation Nr: 1617322 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 07-08 194 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Diego, California



THE ISSUE

Entitlement to a combined rating in excess of 30 percent for residuals of pneumothorax.



REPRESENTATION

Veteran represented by: Disabled American Veterans



ATTORNEY FOR THE BOARD

L. B. Yantz, Counsel



INTRODUCTION

The appellant is a Veteran who served on active duty from April 1956 to September 1975. This matter is before the Board of Veterans' Appeals (Board) on appeal from an August 2006 rating decision of the Boise, Idaho Department of Veterans Affairs (VA) Regional Office (RO). The record is now in the jurisdiction of the San Diego, California RO. In April 2010, the Board granted an earlier effective date of February 8, 2006 for the assignment of a 20 percent rating for the intercostal neuralgia component of the Veteran's residuals of pneumothorax (and a 30 percent combined rating for such residuals), and remanded the case for additional development. In December 2012, the Board sought an advisory medical opinion from the Veterans Health Administration (VHA). In June 2013, in November 2013, and in February 2015, the case was again remanded for additional development.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if action on his part is required.


REMAND

On review of the record, the Board has found that further development is needed for VA to fulfill its duties mandated under the VCAA.

In its June 2013 remand, the Board instructed the AOJ to arrange for the Veteran's record to be forwarded to a specialist in pain management (as recommended by the VHA expert in January 2013) to secure opinions regarding the nature and severity of the Veteran's service-connected residuals of pneumothorax. Pursuant to this instruction, the Veteran underwent a VA examination in August 2013; the examining physician reviewed the record, interviewed the Veteran, and rendered the requested opinions. However, the examining physician was a staff physician in the field of Primary Care certified in Internal Medicine, not a specialist in pain management as was requested (and suggested by a consulting VA medical expert).

Therefore, in its November 2013 remand, the Board again instructed the AOJ to arrange for the Veteran's record to be forwarded to a specialist in pain management (as recommended by the VHA expert in January 2013) to provide opinions regarding the nature and severity of the Veteran's service-connected residuals of pneumothorax. Pursuant to this instruction, the AOJ sought clarification from the Board regarding what type of provider would qualify as a "specialist in pain management"; as documented in November 2014 e-mail correspondence, the Board clarified that the requested provider must be "a self-identified specialist in pain management or, in the alternative, an anesthesiologist (or a neurologist) who administers pain management treatment." Thereafter, in November 2014, a VA neurologist reviewed the record, but unfortunately did not provide the requested opinions. The neurologist instead discussed the history of the Veteran's disability (to include evidence dating prior to the appeal period), and noted that the Veteran had also been treated for sleep apnea. Regarding the sleep apnea, the neurologist opined the following: "I can't say for sure that the majority of his sleep apnea is related to the intercostal neuralgia. Therefore there is an objective basis for the residual pain from his pneumothoracies. A code might be 729.2 neuralgi neuritis and radiculitis unspecified. In regard to the obstructive sleep apnea, a pulmonary consultation might answer the question."

Therefore, in its February 2015 remand, the Board instructed the AOJ to arrange for the Veteran's record to be returned to the VA neurologist who reviewed the record in November 2014, or to another appropriate medical provider (i.e., a self-identified specialist in pain management or, in the alternative, an anesthesiologist or a neurologist who administers pain management treatment), for an addendum to provide the requested opinions regarding the nature and severity of the Veteran's service-connected residuals of pneumothorax. Pursuant to this instruction, the Veteran's record was forwarded to the VA neurologist who reviewed the record in November 2014; however, in April 2015, this VA neurologist stated that he lacked the proper expertise to provide the requested opinions and recommended "a pulmonary or medical opinion." Thereafter, the Veteran underwent a VA examination in August 2015; the examining physician reviewed the record and interviewed the Veteran, but did not provide all of the requested opinions. 

On remand, an addendum by a self-identified specialist in pain management or, in the alternative, an anesthesiologist or a neurologist who administers pain management treatment (with consult with a pulmonologist, if indicated), which provides the specific opinions requested, must be obtained. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance).

Accordingly, the case is REMANDED for the following:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. The AOJ should forward the Veteran's record to a self-identified specialist in pain management or, in the alternative, an anesthesiologist or a neurologist who administers pain management treatment, for an addendum. The specialist must review the entire record (to include this remand) and provide opinions that respond to the following:

(a) Based on the factual evidence of record, and beginning from February 2005, is the Veteran shown to at any time have had any symptoms of pneumothorax residuals that are not encompassed by the schedular criteria for Diagnostic Codes 5321 (for neuralgia rated by analogy to Muscle Group XXI injury) and 6843 (for pneumothorax rated based on impairment of pulmonary function)?

(b) If the response to (a) is yes, please identify any such symptoms.

(c) Are there any schedular criteria (Diagnostic Codes) that would more appropriately reflect the nature and severity of the Veteran's pneumothorax residuals? Please identify any such Code(s) and explain why they would be more appropriate.

(d) Is the Veteran's intercostal neuralgia so severe that it causes nocturnal hypoxemia or is there another more likely etiology?

The specialist must explain the rationale for all opinions, citing to supporting factual data and medical literature, as appropriate.

If further examination of the Veteran is deemed necessary for the requested opinions, such examination (by a specialist with the specified expertise) should be arranged.

2. The AOJ should then review the record, ensure that all development sought is completed as specifically instructed (and arrange for any further development suggested by any additional evidence received), and readjudicate the claim for a combined rating in excess of 30 percent for residuals of pneumothorax. If the benefit sought remains denied, the AOJ should issue an appropriate supplemental statement of the case, afford the Veteran and his representative opportunity to respond, and return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
GEORGE R. SENYK
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).